IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM MERSHON                                                           PLAINTIFF

V.                    NO. 14-5323

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, William Mershon, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for DIB on September 6, 2011, alleging an inability to work since September 17, 2010, due to chronic obstructive pulmonary disease (COPD), emphysema, and "bad legs." (Tr. 150-151, 170, 174). An administrative hearing was held on October 31, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 41-56). Another hearing was held on January 24, 2013, where Plaintiff's attorney was allowed to question the Vocational Expert (VE). (Tr. 247-249).

By written decision dated May 14, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – COPD.

(Tr. 24), However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 24). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> Perform a full range of work at all exertional levels but with the following nonexertional limitations: must avoid concentrated exposure to fumes, odors, dusts, chemicals, and other pulmonary irritants.

(Tr. 24-25). With the help of the VE, the ALJ determined that during the relevant time period, Plaintiff would not be able to perform his past relevant work, but there were other jobs Plaintiff would be able to perform, such as cashier II, fast food worker, and inspector. (Tr. 28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 29, 2014. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 17).

**II.　Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. <u>Ramirez v. Barnhart</u>, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. <u>Edwards v. Barnhart</u>, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply

because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the

3

Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III.  Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in failing to find that Plaintiff's obesity was a severe impairment; and 2) Whether the ALJ erred in his credibility analysis. (Doc. 15).

### A. Severe Impairment:

Plaintiff argues that the ALJ failed to find his obesity was a severe impairment and failed to consider the effect of his obesity in combination with his COPD, on his ability to work on a sustained basis.

It is noteworthy that Plaintiff did not allege obesity in his application papers, and did not present any medical evidence at the hearing to show this condition caused him limitations. An ALJ is not required to consider or investigate a claim "not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003)(quoting Pena v. Chater, 76 F.3d 906, 909 (8th Cir. 1996)). In this case, the medical record reflects two occasions where Plaintiff was noted to be "mildly" obese: on June 16, 2011, when Dr. John Gaston, of Simply Family Medicine, reported Plaintiff was "mildly obese" (Tr. 259); and on July 15, 2011, when Dr. Gaston again noted that Plaintiff was "mildly obese" (Tr. 257). The records reflect that on June 16, 2011, Plaintiff weighed 234 pounds. (Tr. 259). In his Disability Report – Adult, dated September 12, 2011, Plaintiff reported he was 5'11" tall and weighed 225 pounds. (Tr.

174). Nothing in the records indicates that Plaintiff's weight was a factor or that it limited his ability to function in the workplace.

It is true that non-examining state agency physician, Dr. Karmen Hopkins, reported in her Physical RFC Assessment dated December 2, 2011, that "[o]wing to the MDI of moderate COPD/reactive airways disease, and considering obesity and ADLs, MER supports an RFC of respiratory hazard precautions." (Tr. 276). However, where the ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify a particular impairment as "severe" at step two is harmless. Swartz v. Barnhart, 188 F3d. Appx. 361, 388 (6th Cir. 2006); Elmore v. Astrue 2012 WL 1085487 at *12 (E.D. Mo. Mar. 5, 2012).

Given the medical evidence, which fails to establish that obesity caused work-related limitations, and Plaintiff's failure to allege the obesity as a disabling condition on his application or at the hearing, the Court finds the ALJ's decision is not reversible error. See McNamara v. Astrue, 590 F.3d 607, 612 (8th Cir. 2010).

### B. Credibility Analysis:

Plaintiff argues that the ALJ did not comply with the requirements of Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and discounted Plaintiff's subjective complaints "based on misguided interpretation of the medical evidence and Plaintiff's minimal daily activities." (Doc. 15 at p. 11). With respect to the ALJ's credibility analysis, the ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.

See Polaski, 739 F.2d at 1322. While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairment could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Tr. 26). The ALJ discussed Plaintiff's daily activities, and the fact that he reported doing the laundry, dusting, and cleaning. He reported being able to drive a car, go shopping, care for his dog, handle finances, and had no problems with personal care. (Tr. 199-201). Plaintiff reported that he occasionally went to baseball games. (Tr. 202). The ALJ also noted that no physician placed any restrictions on Plaintiff's activities. (Tr. 26).

The ALJ discussed the fact that the medical evidence was minimal. (Tr. 26). In fact, the records reflect there were three office visits by Plaintiff and a Pulmonary Function Report during the relevant time period. (Tr. 257, 259, 262, 284). Plaintiff contends he did not go to the doctor more often because he did not have insurance. However, in July of 2011, Plaintiff reported that he smoked 1 1/2 packs of cigarettes per day (Tr. 257), and testified at the hearing that he was still smoking eight cigarettes a day. (Tr. 51). Plaintiff's smoking habit discredits his disability allegations. See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003); Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999); Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997). In addition, there is no indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that

6

lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

### C. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

The Court finds there is substantial evidence to support the ALJ's RFC determination.

7

**D.  Hypothetical Question to VE:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court also finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing such jobs as cashier II, fast food worker, and inspector. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.    Conclusion**:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 18th day of February, 2016.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE